IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSEPH DANIEL BAXTER, SR.,

                Plaintiff,

v.

OFFICER WEIMERT,

                Defendant.

OPINION and ORDER

24-cv-453-jdp

---

    Plaintiff Joseph Daniel Baxter, Sr., proceeding without counsel, alleges that defendant Officer Weimert of the Chippewa Falls Police Department failed to protect him from crimes that two private individuals committed against him. Dkt. 1. Baxter is incarcerated at the Chippewa County Jail, but the events at issue occurred before he entered that facility. Because Baxter proceeds without prepaying the filing fee, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Baxter's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a claim, but I will allow Baxter to file an amended complaint to fix the problems with his equal protection claim.

ALLEGATIONS OF FACT

    One night, Baxter was at a hotel. Two private individuals were raping Baxter and committing hate crimes against him, or threatening to commit those crimes. Those two individuals were also threatening to kill Baxter. Baxter called 911, but defendant Officer

Weimert decided not to respond to the scene because he "personally k[new]" those two individuals.

## ANALYSIS

Baxter indicates that he's suing for a violation of federal law, but he doesn't expressly allege a cause of action. I take Baxter to bring due process and equal protection claims.

### A. Due process claim

The Due Process Clause restrains governmental action. *First Midwest Bank Guardian of Est. of LaPorta v. City of Chicago*, 988 F.3d 978, 987 (7th Cir. 2021). The corollary of this principle is that the Due Process Clause usually confers "no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989). Therefore, a state actor's "failure to protect an individual against private violence [] does not constitute a violation of the Due Process Clause." *Id.* at 197; *see also Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) ("[M]ere inactivity by police does not give rise to a constitutional claim.").

There is a narrow exception to this rule. A plaintiff states a due process claim if he alleges that a state actor affirmatively placed him in a position of danger but failed to protect him, and the failure to protect him caused his injury. *See First Midwest Bank Guardian of Est. of LaPorta v. City of Chicago*, 988 F.3d 978, 988 (7th Cir. 2021).

Baxter alleges that Weimert failed to protect him from crimes or threats of crime by private individuals, but the failure to protect Baxter from that harm didn't violate due process. Baxter's allegations don't suggest that Weimert took "affirmative steps" that subjected him to

harm or that made him "more vulnerable to harm." *See Doxtator v. O'Brien*, 39 F.4th 852, 866 (7th Cir. 2022). It's clear from the complaint that Baxter "was [already] in actual danger" when he called 911. *See Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 918 (7th Cir. 2015). I will not allow Baxter to proceed on a due process claim, and I will not allow him to replead this claim because amendment would be futile.

B. **Equal protection claim**

The basic rule is that to state an equal protection claim, a prisoner must allege that the defendant mistreated him because of membership in a protected class like race, sex, or national origin. *See Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). Baxter must allege enough facts to support a reasonable inference of discriminatory intent. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 886 (7th Cir. 2012).

Baxter alleges that Weimert acted with "discriminatory [e]ffect with intent." Dkt. 1 at 3. But the complaint alleges that Baxter believes that Weimert discriminated against him because of Weimert's personal relationship with the assailants, not because of Baxter's membership in a protected class.

Because Baxter hasn't alleged class-based mistreatment, I will analyze his equal protection claim under a "class of one" theory. In appropriate cases, "class-of-one claims can be brought based on allegations of the irrational or malicious application of law enforcement powers." *See Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012). The basic rule is that to state a class-of-one equal protection claim, a plaintiff "must allege that he was intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.* Allegations that a government official has targeted a

3

plaintiff for official harassment and that the harassment is motivated by personal animus or malice may also state a class-of-one claim. *See id.* at 750–51 (plaintiff stated class-of-one claim where he "alleged a pattern of deliberate and unconstitutional harassment, even though accomplished through the relatively mild mechanism of bogus parking tickets"); *Swanson v. City of Chetek*, 719 F.3d 780, 785 (7th Cir. 2013) (grant of summary judgment on class-of-one claim improper where the plaintiff "identified his specific harasser, provided a plausible motive and detailed a series of alleged actions by [the harasser] that appear[ed] illegitimate on their face").

Baxter hasn't alleged, generally or otherwise, that Weimert intentionally treated him differently from similarly situated crime victims. And Baxter's allegations don't suggest that Weimert repeatedly harassed him based on personal animus, malice, or another illegitimate motive. I will not allow Baxter to proceed on an equal protection claim.

I will give Baxter a final opportunity to amend his complaint to fix the problems with his equal protection claim. In drafting his amended complaint, Baxter must:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of his federal rights. Baxter must take care to allege what each defendant did, or failed to do, to violate his rights.
- Avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Baxter believes supports a claim, he should identify each defendant who took that action.
- Identify by full name all the individuals he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims that he wishes to bring.

## ORDER

IT IS ORDERED that:

1. Plaintiff Joseph Daniel Baxter, Sr.'s complaint, Dkt. 1, is DISMISSED for failure to state a claim upon which relief may be granted.

2. Plaintiff may have until October 4, 2024, to submit an amended complaint that fixes the problems with his equal protection claim.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiff fails to comply with this order, I may dismiss this case.

6. Plaintiff must inform the court of any new address. If he fails to do this and defendant or the court cannot locate him, this case may be dismissed.

7. The clerk is directed to send plaintiff copies of this order and the court's prisoner complaint form.

Entered September 4, 2024.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge