IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSEPH DANIEL BAXTER, SR.,

                   Plaintiff,

v.

OFFICER WEIMERT,

                   Defendant.

OPINION and ORDER

24-cv-453-jdp

---

Plaintiff Joseph Daniel Baxter, Sr. is incarcerated at the Chippewa County Jail, but the events at issue occurred before he entered that facility. Baxter, proceeding without counsel, filed a complaint alleging that defendant Officer Weimert of the Chippewa Falls Police Department failed to protect him from crimes that two private individuals committed against him. Dkt. 1. I screened the complaint and dismissed it for failure to state a claim upon which relief may be granted, but I allowed Baxter to amend the complaint to fix the problems with his equal protection claim. Dkt. 8. Baxter has again failed to state an equal protection claim and further amendment would be futile. I will dismiss the amended complaint with prejudice and direct the clerk to record a strike under 28 U.S.C. § 1915(g).

ALLEGATIONS OF FACT

Baxter is a black male. On March 6, 2024, Megan Lugo, a white female, accused Baxter of violating a no-contact order and verbally threatening her. That evening, defendant Officer Weimert, a white male, went to Baxter's hotel room and "was trying" to arrest him for a probation violation. Weimert left the hotel room without arresting Baxter.

Ten minutes later, a white male who was dating Lugo, Shawn Dywer, went to Baxter's hotel room, called him racial slurs, and threatened to rape and kill him. Dywer's conduct violated the no-contact order that Lugo had accused Baxter of violating.

Baxter called 911 and asked for an officer to come to his hotel room. Weimert called Baxter five minutes later, and Baxter told him that he had proof that Dywer and Lugo had violated the no-contact order and committed a crime. Weimert told Baxter that he would call him back and, when he returned the call, he said that he spoke with Dywer and Lugo and told them to stop harassing Baxter or that he would arrest both them and Baxter. Weimert told Baxter that he wouldn't investigate his accusations further because he wasn't sure if a crime or violation of the no-contact order had been committed.

Baxter alleges that Weimert conspired with Dywer and Lugo to lure him outside his hotel room so that he could detain Baxter and search his room. Further, Baxter alleges that Weimert didn't take action against Dywer and Lugo to protect "his friends and himself." *See* Dkt. 9 at 5.

ANALYSIS

Baxter brings an equal protection claim. To be clear, Baxter does not assert an illegal search or seizure claim because he doesn't allege that Weimert actually seized him or searched his hotel room.

The basic rule is that to state an equal protection claim, a plaintiff must allege that defendants mistreated him because of his race. *See Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). Baxter must allege enough facts to support a reasonable inference of discriminatory intent. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *McReynolds v. Merrill Lynch & Co.*,

694 F.3d 873, 886 (7th Cir. 2012). Put differently, Baxter must "give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

Baxter hasn't stated a plausible equal protection claim. Baxter's allegations don't suggest that Weimert mistreated him, much less that Weimert's actions were racially discriminatory. Baxter alleges that Weimert conspired with Dywer and Lugo to lure him outside his hotel room so that he could detain him and search his hotel room. The conspiracy allegation doesn't support an equal protection claim because it's factually unsupported. *See Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir. 1992) ("A complaint must contain more than mere conclusory allegations of such a conspiracy; a factual basis for such allegations must be provided."). Baxter alleges that Lugo accused him of violating the no-contact order before Weimert went to his hotel room, which suggests that the purpose of his visit was nondiscriminatory. Baxter also alleges that Weimert spoke with Dywer and Lugo and told them to stop harassing Baxter or that he would arrest both them and Baxter, which shows that Weimert didn't ignore his complaints about Dywer and Lugo. Weimert didn't arrest Dywer or Lugo, but Baxter's allegations don't suggest that Weimert had an obvious basis to make an arrest. In any case, as I explained in the initial screening order, mere police inactivity doesn't violate the Constitution. Baxter alleges that he is black and that Weimert, Dywer, and Lugo are white. But, even if Weimert treated Baxter less favorably than Dywer and Lugo, the mere fact that he and those individuals belong to different races doesn't mean that Weimert's unequal treatment was racially motivated. Indeed, Baxter alleges that Weimert withheld action against Dywer and Lugo to protect "his friends and himself," *see* Dkt. 9 at 5, which if anything

3

suggests that friendship and self-interest, not race, motivated Weimert's actions. I will not allow Baxter to proceed on an equal protection claim.

Baxter's amended complaint failed to fix the problems with his equal protection claim, and his allegations show that further amendment would be futile. I will dismiss the amended complaint with prejudice. I will also direct the clerk to record a strike under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Joseph Daniel Baxter, Sr.'s amended complaint, Dkt. 9, is DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

2. A strike is to be recorded under 28 U.S.C. § 1915(g).

3. The clerk of court is directed to enter judgment and close the case.

Entered October 28, 2024.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge